UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE PARKER,<br>    Plaintiff,<br>    v.<br><br>BRANDON LEE, *et al.*,<br>    Defendants.<br>_____/ | Case No. 23-11684<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 10)

### I.    PROCEDURAL HISTORY

Plaintiff Bruce Parker filed this *pro se* prisoner civil rights suit on July 14, 2023. (ECF No. 1). He moved for a temporary restraining order on August 11, 2023. (ECF No. 10). This matter was referred to the undersigned for all pretrial matters. (ECF No. 9).

For the reasons discussed below, the undersigned recommends that Plaintiff's motion for temporary restraining order be **DENIED**.

### II.    BACKGROUND

Plaintiff alleges he was retaliated against for filing grievances and Prison Rape Elimination Act ("PREA") complaints against corrections officers. The retaliation was through threats and false misconduct tickets. He alleges

Defendants Howard and Keranen were deliberately indifferent to a risk of harm when they failed to protect him from a prisoner who chased him while wielding a knife. Finally, he alleges violations of equal protection by discriminating against him for his gender nonconformity. (ECF No. 1).

In his motion for temporary restraining order, he states that on July 14, 2023, the same day he filed his complaint, he was transferred to another prison. Before that transfer, Defendant Howard and a non-defendant told Plaintiff that they contacted the new facility and instructed officials there to "fuck [him over] because of his complaints and because of being a 'dumb nigger and faggot.'" (ECF No. 10, PageID.56). When he got to the new facility, he was called a nigger and a faggot and was told he would be raped by other prisoners. (*Id.*). He also states he was placed in solitary confinement and housed next to an inmate who smeared his feces all over himself and was left like that for hours. (*Id.* at PageID.57). He asks that the Court order that he be transferred to a safer facility.

III.  **ANALYSIS AND RECOMMENDATIONS**

  A.  Governing Standards

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders ("TRO"). The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In the Sixth Circuit, the "same factors

[are] considered in determining whether to issue a TRO or preliminary injunction." *Id.* The Court can thus evaluate both the temporary restraining order and the preliminary injunction by the same analysis. *See also id.* (applying the aforementioned factors to a temporary restraining order); *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (applying the same to a preliminary injunction). In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018).

      This court has held that an injunction "should not issue when it deals with a matter lying wholly outside the issues in the suit." *Corsetti v. Hackel*, 2012 WL 4955275 (E.D. Mich. Sept. 26, 2012) (internal quotation marks omitted). A

3

motion for preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013); *see also* Colvin v. Caruso, 605 F.3d 282, 299-300 (6th Cir. 2010) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief.").

    B.    <u>Discussion</u>

Plaintiff's motion should be denied for two reasons. First, his assertions about a defendant and a non-defendant asking the transferee prison to punish Plaintiff, and that prison putting Plaintiff in solitary confinement, among other allegations, are unrelated to the claims in the complaint. In his complaint, he alleges that the Defendants retaliated for his complaints by threatening him and issuing false misconducts against him, failed to protect him from harm, and treated him differently because of his gender identity. There is no showing that the Defendants in this case have any control over what occurs at a facility at which they do not work.

Second, and most importantly, his motion should be denied because he did not address the factors required to be satisfied. For instance, likelihood of success

on the merits is the predominant consideration, but Plaintiff only stated that he "has a strong likelihood of success on his underlying claims especially the retaliation and failure to protect claims." (ECF No. 10, PageID.57). It is not for the Court to craft arguments for the parties, and the Court will not do so here. Plaintiff's failure to adequately address the factors courts must assess in evaluating a motion for injunctive relief is fatal to his motion. The motion should be **DENIED**.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for temporary restraining order (ECF No. 10) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 3, 2023.
        s/Curtis Ivy, Jr.
        Curtis Ivy, Jr.
        United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 3, 2023.

        s/Sara Krause
        Case Manager
        (810) 341-7850