UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE PARKER,<br>    Plaintiff, | Case No. 23-11684 |
| v. | Matthew F. Leitman<br>United States District Judge |
| BRANDON LEE, *et al.*,<br>    Defendants.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 38)**

I. **PROCEDURAL HISTORY**

Plaintiff Bruce Parker filed this *pro se* prisoner civil rights suit on July 14, 2023. (ECF No. 1). Plaintiff's application to proceed without prepaying fees or costs was granted. (ECF Nos. 2, 4). They[1] filed a renewed request for *in forma pauperis* ("IFP") status on May 17, 2024. (ECF No. 37). All Defendants filed a motion to dismiss under 28 U.S.C. § 1915(e)(2)(A) on June 3, 2024. (ECF No. 38). The motion is fully briefed. (ECF Nos. 41, 42).

For the reasons discussed below, the undersigned recommends that Defendants' motion to dismiss be granted.

II. **BACKGROUND**

---

[1] Plaintiff uses they/them pronouns. (ECF No. 1).

At the time of the complaint, Plaintiff was incarcerated at Gus Harrison Correctional Facility. (ECF No. 1). They brought claims of retaliation, deliberate indifference/failure to protect, and equal protection against Defendants. (*Id.* at PageID.12).

Prior to this action, Plaintiff filed many cases in the Western and Eastern Districts of Michigan. In one of these cases, *Parker v. Gainer, et al.*, filed in the Western District of Michigan, they were awarded a settlement for $162,000.00. (ECF No. 38-6). Of this sum, $5,000.00 was deposited in Plaintiff's MDOC trust account, and $157,000.00 was deposited in an account called "Bruce Parker and the Conybeare Law Office." (*Id.* at PageID.345). Plaintiff was under the impression that their prison account was at $0 and that their money "was untouchable because it was a 36 month [certificate of deposit]." (ECF No. 41, PageID.376). Plaintiff stated that there would be a fee to withdraw money from that account. (*Id.* at PageID.376-377).

Plaintiff then filed *Parker v. Maus* and *Parker v. Pechtel* between May and June 2023. (ECF No. 38, PageID.307-308). The Western District of Michigan granted Plaintiff IFP status in both. (*Id.*). Next, Plaintiff filed *Parker v. Bauman*, also in the Western District. (*Id.*). Plaintiff's motion to proceed IFP stated that "Plaintiff is indigent as indicated in the attached . . . printout," but the court said that "Plaintiff did not provide this Court with an affidavit of *all assets* possessed."

2

(ECF No. 38-2, PageID.317). The Court denied Plaintiff's motion, citing the sum from Plaintiff's *Gainer* judgment, and stated that Plaintiff did not adequately disclose the settlement sum. (*Id.*). The court also stated that Plaintiff "omitt[ed] any information as to whether Plaintiff possesses additional assets outside of the funds contained within Plaintiff's prisoner trust account" in *Maus* and *Pechtel*. (*Id.* at PageID.318). After *Bauman*, the court denied Plaintiff's motions for IFP in their following cases, *Parker v. Hill* and *Parker v. Mieko*.

Plaintiff then filed another case, *Parker v. State of Michigan, et al.*, in this District on January 9, 2024. (ECF No. 41, PageID.376). Plaintiff's application to proceed IFP was granted. (*Id.*). The court noted that Plaintiff was denied IFP status in the Western District of Michigan but declined to adopt the reasoning in those cases because Plaintiff's trust fund account statement reflected an average monthly deposit of $33.33 and because Plaintiff could not access their certificate of deposit until October 4, 2025. (*Id.*).

Then, Plaintiff appealed *Hill* and *Mieko* to the Sixth Circuit. (ECF No. 38, PageID.305). On appeal, the Sixth Circuit denied Plaintiff's requests for IFP status, stating that Plaintiff has enough funds to pay the filing fees. (*Id.*). The court determined that Plaintiff may have to pay a fee for withdrawing funds from their certificate of deposit, but "Parker has not shown that withdrawing these funds early to pay the filing fee will impose an undue financial burden" and that "Parker

3

has the financial ability to pay the appellate filing fee." (ECF No. 38-3, PageID.326). It denied Plaintiff's IFP motion. (*Id.*).

Plaintiff again moves for IFP status. (ECF No. 37). Defendants bring a motion to dismiss under 28 U.S.C. § 1915(e)(2)(A), arguing that Plaintiff's allegations of poverty are untrue.

### III. DISCUSSION

#### A. Governing Standards

Under 28 U.S.C. § 1915(a), "any court of the United States my authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor[e], by a person who submits an affidavit that includes a statement of all assets." "If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed." *Bosma v. Ace Am. Ins. Co.*, 2018 WL 500247, at *1 (E.D. Mich. Jan. 22, 2018) (citing *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990)). If the affidavit includes a statement of all assets the prisoner possesses "that the person is unable to pay such fees or give security therefor[e]," and submits a certified copy of the trust fund account statement or equivalent for the 6-month period immediately preceding the filing of the complaint," the prisoner may be granted ability to pay a partial filing fee and monthly payments of

4

20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915.

A court must dismiss a case filed *in forma pauperis* if "at any time, [ ] the court determines that . . . the action or appeal fails to state a claim on which relief may be granted," or if the allegation of poverty is untrue, the action or appeal is frivolous or malicious, seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii). "[T]he court may screen and dismiss cases from plaintiffs proceeding *in forma pauperis* if they are frivolous, malicious, or fail to state a claim." *Parker v. Washington*, 2021 WL 11549708 (E.D. Mich. May 17, 2021); *see also Dorr v. Ford Motor Co.*, 2011 WL 5857886, at *10 (E.D. Mich. Sept. 7, 2011) ("This Court properly utilizes its screening function under 28 U.S.C. § 1915(e)(2)(B) and seeks to eliminate vexatious cases. To the extent some cases survive that initial screening, there is nothing to prevent the defendants from filing an early motion to dismiss."). A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

B. <u>Analysis</u>

In light of the most recent order from the Sixth Circuit denying Plaintiff's IFP status, the Court should revoke Plaintiff's IFP status and deny Plaintiff's latest

request for IFP status.  Though a court in this district issued an order granting IFP status and declining to adopt the reasoning of the cases in the Western District, the Sixth Circuit decision was issued after that order.  As a result, the Court should deny Plaintiff's motion to proceed with IFP status.

Next, Defendants state the lawsuit should be dismissed with prejudice because Plaintiff "did not accurately disclose [their] assets when requesting IFP status in this case; did not revise the disclosure in this case when the . . . Court noted [their] lack of candor; and did not revise the disclosure . . . upon subsequent IFP requests in other lawsuits."  (ECF No. 38, PageID.305).

The Court recommended before that Defendant Kreuger, Young, and Keranen's motion to dismiss under Fed. R. Civ. P. 12(b)(6) be granted in part, and that Plaintiff's equal protection claims against Defendants Lee, Thompson, and Keranen should be dismissed.  (ECF No. 36).  It recommended that Plaintiff's retaliation claims against Lee and Thompson should not be dismissed.  (*Id.*).

Plaintiff's remaining claims are retaliation against Lee, Thompson, Krueger, Rice, Howard, Dahms, Meyers, Young, and Ohrman; deliberate indifference/failure to protect against Howard and Keranen; and equal protection against Keranen. (ECF No. 1, PageID.10-12).  These claims are not frivolous or vexatious.  That said, 28 U.S.C. § 1915(e)(2)(A) requires dismissal of a case if there is an incorrect or unsubstantiated claim of poverty made by the plaintiff.

6

*Murphy v. Wash.*, 2024 WL 1354392, at *1 (E.D. Mich. Mar. 29, 2024) (complaint dismissed without prejudice when inmate had a spendable account balance in his prison trust fund of more than the amount of the fee to file a civil action); *Sedore v. Wycoff*, 2021 WL 5770797, at *1 (E.D. Mich. Dec. 6, 2021) (where the "Court reviewed Plaintiff's application to proceed without prepayment of fees and costs and his prison trust account statement" and found that Plaintiff had sufficient funds, the complaint was dismissed without prejudice).

Here, Plaintiff made an unsubstantiated claim of poverty. Prior to this action, Plaintiff made similar unsubstantiated claims in other matters, and their requests for IFP status were repeatedly denied as untrue. As a result, Plaintiff's action should be dismissed without prejudice.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion to proceed without prepayment of fees or costs be **DENIED** and Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: August 22, 2024.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 22, 2024.

9

s/Sara Krause<br>
Case Manager<br>
(810) 341-7850