UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

      Plaintiff,

v.

      Case No. 23-cv-11684
      Hon. Matthew F. Leitman

BRANDON LEE, *et al.*,

      Defendants
_____/

**ORDER (1) RESOLVING PLAINTIFF'S OBJECTIONS (ECF No. 47) TO REPORT AND RECOMMENDATION (ECF No. 45), (2) DENYING PLAINTIFF'S MOTION TO STRIKE REPLY BRIEF (ECF No. 46), (3) RESOLVING DEFENDANTS' MOTION TO DISMISS (ECF No. 38), AND (4) DIRECTING PLAINTIFF TO PAY FILING FEE IN FULL**

Plaintiff Bruce Parker is a state inmate in the custody of the Michigan Department of Corrections. On July 14, 2023, Parker filed this *pro se* civil-rights action against the Defendants. (*See* Compl., ECF No. 1.) Parker alleges, among other things, that the Defendants retaliated against them[1] for filing grievances and complaints under the Prison Rape Elimination Act, that Defendants were deliberately indifferent to their risk of harm, and that Defendants violated their equal protection rights. (*See id.*)

---

[1] Parker is non-binary and uses they/them pronouns. (*See* Compl., ECF No. 1.)

1

At the time Parker filed their Complaint, Parker also filed an application to proceed *in forma pauperis* ("IFP") in this action. (*See* App., ECF No. 2.) In that application, Parker said that they were "indigent" and could not afford to pay the filing fee, in full, at the time the Complaint was filed. (*Id.*, PageID.36.) The Court granted Parker's application and allowed them to proceed IFP by paying the filing fee in installments. (*See* Order, ECF No. 4.)

The Defendants thereafter filed a motion to dismiss and for summary judgment, which the Court granted in part and denied in part. (*See* Order, ECF 36.) On June 3, 2024, Defendants filed a second motion to dismiss. (*See* Mot., ECF No. 38.) In that motion, Defendants argue that Parker misled the Court when they filed their application to proceed IFP. More specifically, Defendants say that when Parker completed their IFP application, Parker failed to disclose that they were then in possession of a certificate of deposit in the amount of $43,495 that they obtained following a settlement in unrelated litigation in 2022. (*See id.*, PageID.304-305.) Defendants insist that "[a]n accurate disclosure of Parker's assets would have shown this Court that Parker was not entitled to IFP status," and they ask the Court to dismiss Parker's Complaint under 28 U.S.C. § 1915(e)(2)(A) due to Parker's "untrue statements." (*Id.*, PageID.305-306.)

The motion was referred to the assigned Magistrate Judge, and on August 22, 2024, the Magistrate Judge issued a report and recommendation in which he

recommended that the Court grant Defendants' motion and dismiss Parker's Complaint without prejudice due to Parker's "unsubstantiated claim of poverty" (the "R&R"). (R&R, ECF No. 45, PageID.401.) Parker filed objections to the R&R on September 9, 2024.[2] (*See* Objections, ECF No. 47.) In the objections, Parker argues that requiring them to withdraw money from their certificate of deposit before it matures in 2025 in order to pay the filing fee would cause them an "undue financial burden." (*Id.*, PageID.409.)

The Court has carefully reviewed Defendants' motion, the R&R, and Parker's objections, and it resolves the motion as follows. Parker is not entitled to proceed IFP because they have "not shown that withdrawing [] funds early [from the certificate of deposit] to pay the filing fee will impose an undue financial burden." *Parker v. Hill*, Sixth Cir. Case No. 23-2029, Dkt. 9-2 (denying Parker's motion to proceed IFP on appeal and ordering Parker to pay filing fee in full). For example, Parker has not provided any evidence as to what penalty they would incur, if any, to access the funds in the certificate of deposit. Nor has Parker shown that they otherwise lack the funds to pay the remaining amount of the filing fee in full. Indeed, in other cases that Parker has filed in this District, it appears Parker has paid the full

---

[2] Parker has also filed a motion to strike Defendants' reply brief and for sanctions. (*See* Mot., ECF No. 46.) In that motion, Parker argues that Defendants misquoted and misrepresented a ruling in a previous case that Parker had filed. (*See id.*) The Court **DENIES** that motion because it is not persuaded that Defendants' error was intentional or that sanctions are warranted for that error.

filing fee. *See*, *e.g.*, *Parker v. LeBron*, E.D. Mich. Case No. 21-12328, Dkt. No. 71 (Notice of Filing Fee Paid in Full); *Parker v. State of Michigan*, Case No. 24-10079, Dkt. No. 32 (Notice of Filing Fee Paid in Full).

The Court therefore concludes that "Parker has the financial ability to pay the [] filing fee." *Parker v. Hill*, Sixth Cir. Case No. 23-2029, Dkt. 9-2. However, the Court does not believe that dismissing Parker's Complaint is the appropriate remedy under the circumstances that exist here.[3] Instead, the Court concludes that it is more efficient to provide Parker the opportunity to pay the filing fee in full rather than file a new action. Accordingly, the Court **ORDERS** Parker to pay the remaining amount of the filing fee in this case, in full, by no later than **December 23, 2024**. If Parker fails to pay the filing fee in full by that date, the Court will dismiss their Complaint.

    **IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 5, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 5, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126

---

[3] Nor is the Court persuaded that Parker intentionally misled the Court.

4