UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE PARKER,<br>　　　　　　　　Plaintiff,<br>v.<br>BRANDON LEE, *et al.*,<br>　　　　　　　　Defendants.<br>_____/ | Case No. 23-11684<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY**
**(ECF No. 68)**

**I.    PROCEDURAL HISTORY**

Plaintiff Bruce Parker filed their *pro se* prisoner civil rights complaint on July 14, 2023.[1] (ECF No. 1). They named several Michigan Department of Corrections ("MDOC") officers as Defendants and sued them all in their individual capacities for various constitutional violations. (*Id.*). Following the disposition of an earlier motion to dismiss and motion for summary judgment, the remaining Defendants are Brandon Lee, Lance Thompson, Rice, Howard, Dahms, Meyers, Ohrman, and Keranen.[2] (ECF Nos. 36, 40).

---

[1] As Plaintiff is non-binary, the Court will continue to use they/them/theirs pronouns.

[2] According to a separate filing from Defendants, Defendant Rice is really Tyler Roe, and Defendant Meyers is really Kalin Meyer. (ECF No. 66). The Court will continue to use the names as identified in Plaintiff's pleadings for now.

The Court entered a case management and scheduling order on July 21, 2025 which set January 21, 2026 as the deadline for discovery. (ECF No. 64). Afterward, Defendants Dahms, Howard, Keranen, Meyers, Ohrman, and Rice filed a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (ECF No. 66). Three days after that, all Defendants filed the motion to stay discovery that is presently before the Court. (ECF No. 68). The motion asks the Court to stay discovery until the dispositive Rule 12(c) motion is resolved.

Under the circumstances present here, the Court sees no reason to wait for Plaintiff to respond. The Defendants' motion to stay discovery is **GRANTED**.

## II.   ANALYSIS

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Williams v. Scottrade, Inc.*, 2006 WL 1722224, at *1 (E.D. Mich. 2006) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.") (internal quotation omitted). On a motion to stay, courts consider three factors: "(1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether

discovery is complete and when (or whether) a trial date has been set." *Moore v. Auto Club Servs.*, No. 19-10403, 2022 WL 16536216, at *2 (E.D. Mich. Oct. 28, 2022) (citation modified).[3]

Defendants' position is that discovery should be stayed because only two Defendants—Brandon Lee and Lance Thompson—will remain as litigants if the Court grants the pending Rule 12(c) motion. Thus, the parties should not have to engage in discovery regarding several Defendants that may ultimately be dismissed. Implicit in this argument is that the Court should also stay discovery so that it does not proceed in a piecemeal fashion—that is, allow discovery to proceed against Lee and Thompson (who did not join the Rule 12(c) motion) and then later permit further discovery regarding any claims that may survive the Rule 12(c) motion.

The resolution of the Rule 12(c) motion may very well clarify the issues before the Court. If the motion's movants are correct, the number of Defendants will be reduced to two thereby narrowing the scope of discovery. A stay would also conserve judicial resources as it would prevent possible discovery motions regarding Defendants that may be dismissed and avoid piecemeal discovery

---

[3] Defendants invite the Court to use the six-factor test used to determine whether it should stay the proceedings in a civil case during the pendency of a concurrent criminal case. (ECF No. 68, PageID.533 (citing *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014)). Since this action does not include a concurrent criminal prosecution—as Defendants seemingly recognize, (*Id.*)—the Court will not apply that test.

efforts. The Court also agrees that a stay would not prejudice Plaintiff since discovery only began at the end of July 2025 and is not set to close until January 2026. There is also no indication that either party has served the other with discovery requests. Additionally, a stay would help Plaintiff avoid potentially superfluous discovery efforts. A stay of discovery is therefore warranted here.

### III. CONCLUSION

For the above-stated reasons, Defendants' motion for a stay is **GRANTED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 1, 2025

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 1, 2025.

s/Sara Krause
Case Manager
(810) 341-7850
